```
             UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
JACK GREGSON,                       )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 24-425 WES
                                    )
RHODE ISLAND DEPARTMENT OF          )
CORRECTIONS, et al.,                )
                                    )
        Defendants.                 )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Senior District Judge.

Before the Court is Plaintiff Jack Gregson's Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"), ECF No. 2. Gregson, who is incarcerated in state prison, filed a Complaint against Defendant Rhode Island Department of Corrections ("RIDOC"), as well as certain staff members in the medical department of the state's maximum-security facility, for allegedly violating his rights under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and the Eighth and Fourteenth Amendments to the U.S. Constitution. Compl. 3, ECF No. 1. At the heart of Gregson's claims is the contention that he received "inadequate medical care for [his] ailments." Id. at 7. Gregson has also filed a Motion for Summary Judgment. ECF No. 4.

For the reasons explained below in detail, the Complaint as

it is currently drafted (bringing its various claims under 42 U.S.C. § 1983) cannot proceed. In light of Gregson's pro se status, however, rather than dismissing the Complaint, the Court will afford him the opportunity to amend his Complaint to correct the deficiencies noted. He shall do so within thirty (30) days of this Order and if no amendment is filed, the Complaint shall be dismissed.

\*\*\*

Because Gregson seeks to proceed in forma pauperis, the Court must determine whether his Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The applicable standard of review is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). The question before the Court, then, is whether Gregson's Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

As an initial matter, the Court notes that Gregson brings both his constitutional and his statutory claims under 42 U.S.C. § 1983. Compl. 3. The Court is unable to determine whether Gregson intends to use § 1983 as a vehicle for asserting violations

of the ADA and the Rehabilitation Act or whether, alternatively, he seeks to utilize the respective private rights of action that are intrinsic to those two statutes. For the purposes of this Order, the Court assumes the former.

**A. Constitutional Claims**

Gregson alleges a deprivation of his Eighth and Fourteenth Amendment rights under § 1983. Id. At this juncture, the Court assumes that Gregson does not allege a substantive violation of his Fourteenth Amendment rights, but rather that he invokes the Fourteenth Amendment because his claims are against a state agency and its personnel, and it is that Amendment which incorporates the Eighth Amendment against the states. See Robinson v. California, 370 U.S. 660, 666 (1962); see also Hinojosa v. Livingston, 807 F.3d 657, 664 (5th Cir. 2015).

For two overlapping reasons, the Court finds that Gregson's Complaint fails to state a claim under § 1983 for a violation of his Eighth Amendment rights. The first concerns the application of § 1983 to state agencies and state officials named in their official capacities; the second concerns the standard for proving a violation of the Eighth Amendment for inadequate medical care.

Section 1983 confers a private right of action against any "person" who, acting under color of state law, deprives another person of "any rights, privileges, or immunities secured by the

Constitution or laws" of the United States. 42 U.S.C. § 1983. States and their agencies, however, are not considered "persons" within the meaning of § 1983, and thus cannot be held liable for damages or injunctive relief under the statute. See Ducally v. R.I. Dep't of Corr., 160 F. Supp. 2d 220, 228 (D.R.I. 2001) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). The same limitation applies with respect to § 1983 claims for damages — but not injunctive relief — against state officials named in their official capacities. See Will, 491 U.S. at 70-71.

Gregson handwrote his allegations on a pleading form that is tailored to prisoners who file pro se civil rights complaints. The form asks for the name of each defendant, along with their job or title, if known, and other information. Compl. 2. As drafted, the Complaint names two Defendants: RIDOC and the "Max. Sec. Medical Dept." Id. With respect to the second named Defendant, Gregson filled out the line asking for job or title information with the words "Nurseing [sic] staff" and "Doctor 'Max.'" Id. For each Defendant, Gregson also checked a box indicating that he was suing the Defendant in its official capacity. Id. As for relief, Gregson seeks "compensatory damages to be determined at trial." Id. at 5.

Because the named Defendants are state agencies or divisions thereof, Gregson's § 1983 claims against them cannot move forward.

4

Moreover, to the extent that Gregson intends to name as Defendants individual RIDOC officials or personnel in their official — and not individual — capacities, he cannot hold those Defendants liable for damages under § 1983.  But cf. Hafer v. Melo, 502 U.S. 21, 31 (1991) (holding that state officials, sued in their personal capacities, are "persons" withing the meaning of § 1983).  For these reasons alone, Gregson's Complaint does not state a plausible § 1983 claim.

Furthermore, Gregson's Complaint does not contain allegations of fact sufficient to claim a violation of the Eighth Amendment.  To state a § 1983 claim for medical mistreatment under the Eighth Amendment, there must be a showing of "deliberate indifference to the serious medical needs of prisoners"; that is, acts or omissions that are "repugnant to the conscience of mankind" or constitute "an unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  More specifically, "to prove an Eighth Amendment violation, a prisoner must satisfy both of two prongs: (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators' deliberate indifference to that need." Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (citing Estelle, 429 U.S. at 106).  A medical need is serious if it "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a

lay person would easily recognize the necessity for a doctor's attention." Id. (quoting Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990)).  A showing of deliberate indifference, in turn, "requires evidence that the failure in treatment was purposeful," such as through a "denial of needed medical treatment in order to punish the inmate" or a "wanton disregard to a prisoner's needs . . . akin to criminal recklessness, requiring consciousness of 'impending harm, easily preventable.'"  Id. at 83 (first citing Estelle, 429 U.S. at 105; then quoting Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993); and then quoting Battista v. Clarke, 645 F.3d 449, 453 (1st Cir. 2011)).

Applying this test, while it is clear from the allegations in Gregson's Complaint that he has one or more serious medical needs, he has not alleged facts sufficient to show that prison administrators were deliberately indifferent to those needs.  That is not to suggest that Gregson's Complaint and Exhibits lack allegations of delay, inattention, or neglect on the part of his care providers.  See Compl. Ex. 1, at 4-7, 12-16, ECF No. 1-1.  An Eighth Amendment violation, however, requires more than "disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment," or even "simple medical malpractice"; it requires the infliction of cruel and unusual

6

punishment.  Watson, 984 F.2d at 540.

In sum, for Gregson to state a plausible § 1983 claim for the violation of his Eighth Amendment rights, his Complaint must name the proper defendants and make factual allegations demonstrating not only that he has one or more serious medical needs, but also that his needs were met with deliberate indifference on the part of those defendants.

### B. Statutory Claims

As stated above, the Court reads the Complaint as alleging violations of the ADA and the Rehabilitation Act under § 1983 and not, rather, under those two statutes in themselves.  The Court is not certain of its reading, however, and the confusion stems less from the substance of Gregson's allegations than from the nature of the pleading form on which he wrote his claims.  In any event, the Court finds that Gregson's Complaint, as drafted, fails to state a plausible claim to relief under § 1983 for a violation of the ADA or the Rehabilitation Act.

Gregson's ADA and Rehabilitation Act claims under § 1983 fail for the same basic reason that his Eighth Amendment claim cannot proceed in its current form.  States, state agencies, and state officials — when named in their official capacities — cannot be held liable for damages under § 1983.  See Ducally, 160 F. Supp. 2d at 225, 228.  Furthermore, whereas § 1983 is the proper vehicle

for asserting Eighth Amendment violations against state officials, "[s]ection 1983 cannot be used as a vehicle for ADA or other statutory claims," including claims under the Rehabilitation Act, "that provide their own frameworks for damages." See M.M.R.-Z ex rel. Ramírez-Senda v. Puerto Rico, 528 F.3d 9, 13 n.3 (1st Cir. 2008) (collecting cases). In other words, a plaintiff cannot bring § 1983 claims alleging violations of the ADA or the Rehabilitation Act, no matter the defendant.

If Gregson does not intend to hitch his ADA and Rehabilitation Act claims to § 1983 and, instead, seeks to bring claims under those statutes in themselves, the Court instructs Gregson to draft his amended complaint accordingly. In the meantime, the Court notes that state agencies may be held liable under Title II of the ADA and Section 504 of the Rehabilitation Act for discrimination against state prisoners. See United States v. Georgia, 546 U.S. 151, 159 (2006); Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998). Whether those provisions support claims for individual liability, however, is a different question. See Bartolomeo v. Plymouth Cnty. House of Corr., 229 F.3d 1113 (1st Cir. 2000) (unpublished table decision) (noting that other Circuits have held that "individuals may [not] be subject to personal liability under Title II of the ADA and the Rehabilitation Act").

Rather than denying the Motion for Leave to Proceed In Forma

Pauperis, ECF No. 2, and dismissing Gregson's Complaint, ECF No. 1, for failing to state a claim, the Court affords Gregson thirty (30) days to file an amended complaint under Federal Rule of Civil Procedure 15.  Failure to file an amended complaint by that deadline — March 24, 2025 — will result in dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court also denies without prejudice Gregson's Motion for Summary Judgment.  ECF No. 4.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Senior District Judge
Date:  February 21, 2025